## Ansel Nichols *vs.* Ariel A. Prince.

A. and B , who were partners under the firm of A. & Co., contracted with C. for the delivery of certain stock and materials to them. After the delivery of a portion, B. sold his interest in the business and firm to D., who continued the same business, under the same firm, with A., taking from D. a written agreement " to discharge him from all liabilities on account of purchases of stock and materials as one of the original firm of A. & Co." The rest of the stock and materials was thereafter delivered by C., who did not know of the change in the firm, and A. afterwards gave to C. a note signed A. & Co. for a portion of the price, dated back to the time when A. and B. were in partnership. *Held*, that B., upon paying the note and balance of the account, might maintain an action upon the agreement against D., to recover the same.

A declaration upon an agreement to discharge the plaintiff from all liabilities on account of certain purchases, as one of a firm recently dissolved, which alleges that a certain note was due from the firm at the time when the agreement was made, is not sustained by proof that such a note was afterwards given for a liability of the firm; but an amendment may be allowed on terms, after the argument of exceptions in this court.

CONTRACT upon the following written agreement:

" Pittsfield, May 28, 1862. This may certify that I have this day bought of Mr. Ansel Nichols all his right and interest in the marble business in this town, including also one business wagon, for the sum of ninety-three dollars and eighty-six cents, agreeing furthermore to discharge him from all liabilities on account of purchases of stock and materials as one of the original firm of Joyner & Co. Ariel A. Prince."

The first count of the declaration alleged that the plaintiff, being a partner in the marble business with G. H. Joyner, under the firm of Joyner & Co., sold his interest in the firm to the defendant for the sum of $93.86; that the defendant thereupon executed the above agreement; that at the time of said sale Joyner & Co. were indebted to the firm of Adams & Allen in the sum of four hundred and thirty-one dollars, for purchases of stock and materials to be used in their said business; that Adams & Allen then held two promissory notes against Joyner & Co. given for said purchases of stock and materials, one of which was for $200, and the other for $118.35, and an account for $113.66; that at the time of the sale the said notes and account were included among the liabilities from which the defendant was to discharge him and save him harmless; and that the defendant has not saved him harmless therefrom, but the plaintiff has been compelled to pay the same.

The second count was for $451.60, money paid by the plaintiff to the defendant's use, " the same being for the same cause of action as first count."

At the trial in the superior court, before *Morton,* J., it appeared that the plaintiff and Joyner were in partnership together, under the firm of Joyner & Co., until the 28th of May 1862; that they gave orders to Adams & Allen for a quantity of materials and stock, amounting in all to $313.66, a portion of which, to the amount of $149.15, was delivered before said 28th of May;

that on that day the plaintiff sold his interest in the business and firm to the defendant, who thereupon executed the agreement declared on, and continued the same business with Joyner, under the same firm, until the 20th of June 1862, when he sold his interest to Joyner; that no notices of dissolution were given in either instance, nor was it shown that Adams & Allen had any knowledge of the plaintiff's withdrawal from the firm; that Adams & Allen delivered the residue of the stock and materials after the withdrawal of the defendant from the firm of Joyner & Co.; that the note of $200, which was dated May 22, 1862, and given on account of the said stock and materials, was first delivered to Adams & Allen by being mailed to them by Joyner, in a letter signed by Joyner & Co., on the 20th of June 1862, without the knowledge of the plaintiff or the defendant; and that the plaintiff paid the said note and balance of account, upon being sued therefor by Adams & Allen.

No question arose as to the note of $118.35.

The defendant contended that there was a variance between the averments of the declaration and the evidence; but the judge ruled otherwise, and instructed the jury that if the bill of $313.66 was ordered and contracted for by Joyner & Co., while the plaintiff was a member of the firm, such contract created a liability within the meaning of the defendant's agreement, though some of the articles were not delivered until after the withdrawal of the plaintiff from the firm; that the forwarding by Joyner of the note of $200 and its reception by Adams & Allen, under the circumstances of the case, did not extinguish the plaintiff's liability to Adams & Allen, or release the defendant from his obligation to protect the plaintiff therefrom, unless Adams & Allen received it as the note of the new firm, or agreed to receive it in discharge of the plaintiff's liability, and that, if the plaintiff's liability continued at the time of making the payment, such payment was not voluntary, and he would be entitled to recover.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. P. Pingree, Jr.,* (*J. D. Colt* with him) for the defendant.

The order to Adams & Allen was but an offer, not accepted or refused, which might be withdrawn at any time before it was accepted ; and therefore it did not amount to a contract. Chit. Con. 8. *M' Culloch* v. *Eagle Ins. Co.* 1 Pick. 278. It was an executory contract for articles not in existence, and no property passed till they were finished and delivered. *Blasdell* v. *Souther*, 6 Gray, 149. *Spencer* v. *Cone*, 1 Met. 283. *Mixer* v. *Howarth*, 21 Pick. 205. The giving of the note for $200 was a payment. *Melledge* v. *Boston Iron Co.* 5 Cush. 169. That note was not binding on the plaintiff. *Parker* v. *Macomber*, 18 Pick. 508. Story on Part. 505, 506. There was a variance between the averment and proof.

*M. Wilcox*, for the plaintiff.

HOAR, J. The defendant bought the plaintiff's interest in the marble business, which he was then carrying on as one of the firm of Joyner & Co., and made a written contract, by which he agreed " to discharge him from all liabilities on account of purchases of stock and materials as one of the original firm of Joyner & Co." At the time when the contract was made, the firm had contracted for stock and materials to the amount of $313.66, of which $149.15 had been already delivered, and the rest was delivered afterward. There can be no doubt that the whole was " a liability on account of purchases of stock and materials," within the meaning of the contract. The dissolution of the partnership could not free the plaintiff from the obligation to pay for goods which he had ordered, and which had been in part delivered.

The making of the note in the name of the firm after its dissolution was an unauthorized act of the other partner ; and being received by the creditors without a knowledge of the dissolution, and upon the supposition that it was the note of the partnership to whom they had sold their goods, they might have disowned it, and sued the contracting parties upon the original cause of action. But the note was dated back to a time when the first partnership was subsisting, and they sued upon the note, and for the balance remaining due upon the account. If the plaintiff chose to treat this note as binding upon him, and

as a payment by himself of so much of the account upon which he was liable, it certainly did no wrong to any other party in interest, and he might rightfully do so. His payment of the note, if the note were regarded as a payment *pro tanto* of the account, would be merely the payment in a new form of his original liability, and, so far as the defendant is concerned, could not be considered a voluntary payment. We therefore think that if the declaration had conformed to the facts proved, the defendant would have been liable.

But there is a technical variance between the declaration and the proof. The first count of the declaration avers that the note of $200 was due at the time when the defendant made his contract of indemnity. The second count is for money paid, but it refers to the first count for the particulars of the payment, and is stated as being for the same cause of action. An amendment is therefore necessary. But the case having been tried and rightly decided upon its merits, the amendment may be made after verdict, upon proper terms, without doing any wrong to the defendant. *Cleaves* v. *Lord*, 3 Gray, 66. *Stone* v. *White*, 8 Gray, 589.

If, therefore, the plaintiff shall file an amendment in conformity with the facts, in the superior court, it is to be allowed, and he can then have judgment upon the verdict, taking no costs since the trial.                                    *Exceptions sustained.*